IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MACARTHUR SHANNON                                      PETITIONER

v.                              CIVIL ACTION NO. 5:18-CV-95-DCB-JCG

WARDEN ANDERSON JOHNSON                                RESPONDENT

### REPORT AND RECOMMENDATION

BEFORE THE COURT is a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody, filed by Petitioner Macarthur Shannon. The Petition challenges Shannon's May 2017 conviction for vehicular homicide. Respondent, Warden Anderson Johnson, has filed a Motion to Dismiss (ECF No. 9), asserting that Shannon's Petition should be dismissed with prejudice because it is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d) and alternatively because Shannon failed to exhaust state court remedies. Shannon did not file a response to the Motion to Dismiss. Having considered the submissions of the parties, the record, and relevant legal authority, the undersigned United States Magistrate Judge concludes that Shannon's Petition should be denied and dismissed with prejudice. The Petition is barred by the one-year statute of limitations in § 2244(d), and Shannon failed to exhaust state court remedies.

### I. BACKGROUND

Shannon is a postconviction inmate in the custody of the Mississippi Department of Corrections (MDOC). On May 9, 2017, Shannon pleaded guilty to vehicular homicide before the Circuit Court of Claiborne County, Mississippi.

1

Shannon signed a Petition to Enter Plea of Guilty wherein he admitted to "kill[ing] Derrick Williams, while driving under the influence of alcohol and drugs." (ECF No. 9-1, at 6). On May 9, 2017, Shannon was sentenced to fifteen years in the custody of MDOC. (ECF No. 9-2). The Sentencing Order was entered on May 22, 2017. *Id.*

On June 11, 2018, Shannon signed a motion for postconviction relief which was filed in the Circuit Court of Claiborne County on June 21, 2018. (ECF No. 9-3). An order denying Shannon's motion for postconviction relief was issued on June 29, 2018, and filed on July 5, 2018. (ECF No. 9-4). The docket of the Circuit Court reflects, and a search of the Mississippi Supreme Court's docket on its official website confirms, that Shannon did not appeal the Circuit Court's order denying postconviction relief. (ECF No. 9-5).

Shannon signed the instant § 2254 Petition for federal habeas relief on August 27, 2018, and it was stamped as filed in this Court on August 29, 2018.

## II. DISCUSSION

Before considering the merits of a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue for federal review have been taken. The first consideration is whether the petition was timely filed. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner is subject to a one-year period of limitations for filing a § 2254 application:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

2

  A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the date the judgment of conviction became final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu–Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir.1998). The AEDPA's one-year statute of limitations is not jurisdictional and may be equitably tolled. *Holland v. Florida,* 560 U.S. 631, 646 (2010). A habeas petitioner is entitled to equitable tolling only if he shows "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood

3

in his way and prevented timely filing." *Id.* at 649 (internal citations omitted). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Mississippi law prohibits prisoners who plead guilty from directly appealing to the Mississippi Supreme Court. Miss. Code Ann. § 99–35–101. Shannon's conviction therefore became final on May 22, 2017, the date the Circuit Court's sentencing order was filed. Shannon's deadline for seeking federal habeas corpus relief was May 22, 2018 (May 22, 2017 + one year). Shannon signed the instant Petition for federal habeas relief on August 27, 2018, and it was stamped as filed in this Court on August 29, 2018. Under the prisoner mailbox rule, a petition is deemed filed on the date that the prisoner delivered the petition to prison officials for mailing to the district court. *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). Shannon's § 2254 Petition was filed 97 to 99 days after the May 22, 2018, deadline.

For statutory tolling to apply, Shannon was required to file a motion for postconviction relief in Circuit Court on or before May 22, 2018. Shannon signed his motion for postconviction relief on June 11, 2018. Thus, Shannon is not entitled to statutory tolling under § 2244(d)(2). *See Flanagan v. Johnson,* 154 F.3d 196, 199 n.1 (5th Cir. 1998) ("The mere existence of an application for state habeas relief does not, as the parties' stipulation suggests, prevent the one year period of limitation from beginning until the state application is finally decided"); *Scott v. Johnson,* 227

4

F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application did not toll the limitation period under 28 U.S.C. § 2244(d)(2) because it was not filed until after the limitation period expired).

As for equitable tolling, Shannon has offered no argument that rare and exceptional circumstances warrant equitable tolling, and he has not responded to Respondent's assertion that there are no rare and exceptional circumstances. Shannon's Petition should be dismissed because it is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d).

Shannon's Petition should also be dismissed because Shannon failed to exhaust state remedies. Exhaustion of state remedies is a mandatory prerequisite to federal habeas relief under 28 U.S.C. § 2254(b). To satisfy the exhaustion requirement, the petitioner must first present his claims to the highest state court in a procedurally proper manner so that the highest state court is given a fair opportunity to consider and pass upon challenges to a conviction, before those issues come to federal court for habeas corpus review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). Shannon did not appeal the Circuit Court's denial of his motion for postconviction relief. Under Mississippi Rule of Appellate Procedure 4(a), he had thirty days after entry of the order denying his motion to do so. A return to state court would be fruitless because Shannon's claims would be found procedurally defaulted. *See Finley v. Johnson,* 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust his state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally

barred, then there has been a procedural default for purposes of federal habeas corpus relief."). To overcome the procedural bar, Shannon was required to show cause and prejudice or a miscarriage of justice, which he has not attempted to do. *See Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2005).

### III. RECOMMENDATION

Respondent's Motion to Dismiss (ECF No. 9) should be granted and Macarthur Shannon's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus denied and dismissed with prejudice.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion

6

adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 14th day of June, 2019.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE