IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MacARTHUR SHANNON**                                          PLAINTIFF

VS.                                    CIVIL ACTION NO. 5:18-cv-95(DCB)(JCG)

**WARDEN ANDERSON JOHNSON**                                   RESPONDENT

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Respondent Warden Anderson Johnson's Motion to Dismiss Pursuant to § 2244(d) or, in the alternative, as procedurally defaulted for failure to exhaust state court remedies (docket entry 9); and on United States Magistrate Judge John C. Gargiulo's Report and Recommendation (docket entry 10).

Respondent Johnson submits that MacArthur Shannon's federal habeas petition challenging Shannon's guilty plea to vehicular homicide and resulting sentence of fifteen (15) years is untimely filed in violation of the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and alternatively because Shannon failed to exhaust state court remedies. Shannon did not file a response to the Respondent's Motion to Dismiss.

Petitioner Shannon filed a Petition for Writ of Habeas Corpus on August 27, 2018, and it was stamped as filed with this Court on August 29, 2018. Under the AEDPA, a state prisoner is subject to

1

a one-year period of limitations for filing a § 2254 application. The AEDPA's one-year statute of limitations is not jurisdictional and may be equitably tolled. Holland v. Florida, 500 U.S. 631, 646 (2010). However, a habeas petitioner is entitled to equitable tolling only if he shows: "(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal citations omitted). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

Mississippi law prohibits prisoners who plead guilty from directly appealing to the Mississippi Supreme Court. Miss. Code Ann. § 99-35-101. Shannon's conviction therefore became final on May 22, 2017, the date the Circuit Court's sentencing order was filed. Shannon's deadline for seeking federal habeas corpus relief was May 22, 2018. Shannon signed the instant Petition for federal relief on August 27, 2018, and it was stamped as filed in this Court on August 29, 2018. Under the prisoner mailbox rule, a petition is deemed filed on the date that the prisoner delivered the petition to prison officials for mailing to the district court. Richards v. Thaler, 710 F.3d 573, 576 (5th Cir. 2013). Shannon's § 2254 Petition was filed 97 to 99 days after the May 22, 2018, deadline.

Magistrate Judge Gargiulo finds that since Shannon failed to file a motion for postconviction relief in Circuit Court on or before May 22, 2018, he is not entitled to statutory tolling under § 2244(d)(2). As for equitable tolling, Shannon has offered no argument that rare and exceptional circumstances warrant equitable tolling, and he has not responded to the Respondent's assertion that there are no rare and exceptional circumstances. Thus, Shannon's Petition shall be dismissed because it is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d).

Finally, Shannon failed to exhaust his state remedies, which is a mandatory prerequisite to federal habeas relief under 28 U.S.C. § 2254(b). He did not appeal the Circuit Court's denial of his motion for postconviction relief within 30 days after entry of the order denying his motion. To overcome the procedural default for purposes of federal habeas corpus relief, Shannon was required to show cause and prejudice or a miscarriage of justice, neither of which he has attempted to do. See Bagwell v. Dretke, 372 F.3d 748, 755 (5th Cir. 2005).

Plaintiff Shannon received Magistrate Judge Gargiulo's Report and Recommendation on June 18, 2019.

The Plaintiff had fourteen days to serve and file written objections to Magistrate Judge Gargiulo's Report and Recommendation. He failed to file objections. A party who fails to file written objections to the proposed findings, conclusions,

and recommendations within fourteen days of being served a copy of the Report and Recommendations is barred from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. Douglasss v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This Court therefore adopts the Report and Recommendation of Magistrate Judge Gargiulo. Respondent Warden Anderson Johnson's Motion to Dismiss (docket entry 9) is GRANTED, and Petitioner MacArthur Shannon's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody is HEREBY DISMISSED WITH PREJUDICE.

A Final Judgment shall follow.

SO ORDERED, this the 11th day of September, 2019.

/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE